AO 241 (Rev. 09/17)

**FILED**

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

MAR 3 1 2025

| United States District Court | District: | CLERK, U.S. DISTRICT COURT TEXAS EASTERN |
|---|---|---|
| Name (under which you were convicted): | | Docket or Case No.: 625CV107 |

| Place of Confinement : | Prisoner No.: |
|---|---|

| Petitioner (include the name under which you were convicted)    Respondent (authorized person having custody of petitioner) |
|---|
| v. |

| The Attorney General of the State of: |
|---|

**PETITION**

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    278th DISTRICT Courts LEON County

    (b) Criminal docket or case number (if you know): CM-05-541

2.  (a) Date of the judgment of conviction (if you know): April 28th 2006

    (b) Date of sentencing: April 28th 2006

3.  Length of sentence: 4 YEAR TDCJ

4.  In this case, were you convicted on more than one count or of more than one crime?    ☐ Yes    ☑ No

5.  Identify all crimes of which you were convicted and sentenced in this case:

    AGGREVATED ASSAULT With A DEADLY WEAPON 4 YEArS TDCJ

6.  (a) What was your plea? (Check one)

    ☐ (1)  Not guilty          ☐ (3)  Nolo contendere (no contest)

    ☑ (2)  Guilty            ☐ (4)  Insanity plea

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? Guilty To AGGreVATed AssaulT with deadly WEAPON

(c) If you went to trial, what kind of trial did you have? (Check one)

☐ Jury    ☑ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes    ☑ No

8. Did you appeal from the judgment of conviction?

☑ Yes    ☐ No

9. If you did appeal, answer the following:

(a) Name of court: CrimiNAl CourT APPEAls AusTiN

(b) Docket or case number (if you know): WR-96,308-01

(c) Result: DENied withouT WriTTEN order SENTENCE discharged

(d) Date of result (if you know): 1/15/2025

(e) Citation to the case (if you know): WR-96-308-01

(f) Grounds raised: STATE FAilEd TO ProVE deadly WEAPON INSuFFiciENT EVidENCE TO CONViCT uNder 22.02 INVOluNTARY SigNATure, DuE Process ViolATioNs

(g) Did you seek further review by a higher state court?    ☐ Yes    ☑ No

If yes, answer the following:

(1) Name of court: N/A

(2) Docket or case number (if you know): N/A

(3) Result: N/A

AO 241 (Rev. 09/17)

(4) Date of result (if you know): _____ N/A _____

(5) Citation to the case (if you know): _____ N/A _____

(6) Grounds raised: _____ N/A _____

_____

_____

_____

(h) Did you file a petition for certiorari in the United States Supreme Court?     ☐ Yes     ☑ No

If yes, answer the following:

(1) Docket or case number (if you know): _____ N/A _____

(2) Result: _____ N/A _____

(3) Date of result (if you know): _____ N/A _____

(4) Citation to the case (if you know): _____ N/A _____

10.    Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?     ☐ Yes     ☑ No

11.    If your answer to Question 10 was "Yes," give the following information:

(a)    (1) Name of court: _____ N/A _____

(2) Docket or case number (if you know): _____ N/A _____

(3) Date of filing (if you know): _____ N/A _____

(4) Nature of the proceeding: _____ N/A _____

(5) Grounds raised: _____ N/A _____

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes     ☑ No

(7) Result: _____

AO 241 (Rev. 09/17)

        (8) Date of result (if you know):     N/A

(b) If you filed any second petition, application, or motion, give the same information:

        (1) Name of court:     N/A

        (2) Docket or case number (if you know):     N/A

        (3) Date of filing (if you know):     N/A

        (4) Nature of the proceeding:     N/A

        (5) Grounds raised:     N/A

        (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

        ☐ Yes   ☑ No

        (7) Result:     N/A

        (8) Date of result (if you know):     N/A

(c) If you filed any third petition, application, or motion, give the same information:

        (1) Name of court:     N/A

        (2) Docket or case number (if you know):     N/A

        (3) Date of filing (if you know):     N/A

        (4) Nature of the proceeding:     N/A

        (5) Grounds raised:     N/A

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☑ No

(7) Result: N/A

(8) Date of result (if you know): N/A

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:      ☑ Yes      ☐ No

(2) Second petition:   ☐ Yes      ☐ No

(3) Third petition:     ☐ Yes      ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

YES

12.   For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** INVOLUNTARY PLEA

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

WAS NOT proporly ADMONISH To finding of deadly WEAPON, WAS coerced To sign for ~~probation~~ 4 years TDCJ

(b) If you did not exhaust your state remedies on Ground One, explain why: THE STATE DID NOT ANSWER ISSUES ON Grounds for Relief IN THE 11.07 process

AO 241 (Rev. 09/17)

(c)    **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: did NOT HAVE direct APPEAL STATE denied Process.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: 11.07. HEADEAS CorPus

Name and location of the court where the motion or petition was filed:

CriminAl CourT APPEAl AusTiN TX

Docket or case number (if you know): WR 96-308-01

Date of the court's decision: 1/15/2025

Result (attach a copy of the court's opinion or order, if available): RECIEVED WHiTE Card STATEiNG THE CourT dismissed APPLiCATiON BECAUSE SENTENCE HAs BEEN discharged

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☑ No

(4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☑ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: BECAUSE THE STATE NEVER produced Record To APPEAl THE MeriTS OF THE issue's ClAimed. RATHER produced GeNERAl deNiAl WiTHouT ORder.

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One: _____ N|A _____

**GROUND TWO:**    INSUFFICIENT EVIDENCE TO CONVICT
UNDER 22.02

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Court did NOT Allow witNess's SUBPOENAEd
SUBpoENAEd TO TESTIFY THAT THERE WAS
NO deadly WEApoN THE STATE And CouNSEl
MEREly pushed ~~probation~~ forwArd. Sentencing
of 4 years TDCJ

(b) If you did not exhaust your state remedies on Ground Two, explain why:    NO REspoNce
ON ISSUE's from EiTHER STATE Courts
Or AppEAls CourT.

(c)    **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☑ No

(2) If you did not raise this issue in your direct appeal, explain why:    NOT AFForded
dIRECT

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
   ☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    11.07

Name and location of the court where the motion or petition was filed:
CrimiNal Court of AppEals

Docket or case number (if you know):    WR- 96 - 308 -01

AO 241 (Rev. 09/17)

Date of the court's decision: 1/15/2025

Result (attach a copy of the court's opinion or order, if available):

DENIED WITHOUT WRITTEN ORDER, SENTENCED HAS BEEN discharged

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☑ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☑ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

did NOT APPEAL denial UNTIL NOW

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: N.01

**GROUND THREE:** DUE PROCESS VIOLATIONS

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

COURTS DENIED THE RIGHT TO FACE ACCUSOR & WITNESS TESTIMONY THAT THERE WAS NOT A finding of deadly WEAPON COURTS APPLIED deadly WEAPON IN BAD FAITH OR ASSUMPTION

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why: APPEAL COURT & STATE COURT DID NOT RESPOND TO ISSUE'S

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?      ☐ Yes   ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: NO dIRECT

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: 11.07 Habeas Corpus

Name and location of the court where the motion or petition was filed:

Criminal Court Appeals AUSTIN TEXAS

Docket or case number (if you know): WR - 96 - 308 -01

Date of the court's decision: 1/15/2025

Result (attach a copy of the court's opinion or order, if available):

White Card dismissed without written order SENTENCE HAS BEEN discharged.

(3) Did you receive a hearing on your motion or petition?      ☐ Yes   ☒ No

(4) Did you appeal from the denial of your motion or petition?      ☐ Yes   ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:    N/A

**GROUND FOUR:**    Collateral Consequences

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

THE DEADLY WEAPON Applied TO Previous CASES CAUSED Collateral CONSEQUENCES BECAUSE it WAS THE REASON for ENHANCEMENT AND VARIATION of SENTENCE which WOULD NOT BE Applicable if THE STATE WOULD HAVE Allowed THE witness's TO TESTIFY & THE VICTIMS Alledged IN SAID OFFENSE. STATE Failed TO MEET THE Burden of proof

(b) If you did not exhaust your state remedies on Ground Four, explain why:

WAS NOT Previous Grounds

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☑ No

(2) If you did not raise this issue in your direct appeal, explain why:    N/A

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    N/A

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☒ No

(4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: N/A

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: N/A

AO 241 (Rev. 09/17)

13.     Please answer these additional questions about the petition you are filing:

    (a)     Have all grounds for relief that you have raised in this petition been presented to the highest state court

        having jurisdiction?   ☑ Yes    ☑ No

        If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

        presenting them:   ERRONEOUS finding of deadly
        WEApon or NO Burden of proof
        Through Available witness
           Rushed Through SENTENCINg

    (b)     Is there any ground in this petition that has not been presented in some state or federal court? If so, which

        ground or grounds have not been presented, and state your reasons for not presenting them:

        INApplicAble deadly WEApon Charge
        "CollAtcRAL Consequences" Ground 4
        BECAVSE I WAs Rushed Through SYSTEm

14.     Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

    that you challenge in this petition?   ☐ Yes  ☑ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues

    raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy

    of any court opinion or order, if available.   N|A

15.     Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

    the judgment you are challenging?   ☐ Yes  ☑ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

    raised.   N|A

AO 241 (Rev. 09/17)

16.      Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:    BAr NO. 2402747-1

(b) At arraignment and plea:    SAME

(c) At trial:    BAr NO 2402747-1

(d) At sentencing:    SAME

(e) On appeal:    N/A

(f) In any post-conviction proceeding:    N/A

(g) On appeal from any ruling against you in a post-conviction proceeding:    N/A

17.      Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    ☐ Yes   ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:    N/A

(b) Give the date the other sentence was imposed:    N/A

(c) Give the length of the other sentence:    N/A

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?    ☐ Yes   ☑ No

18.      TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*    N/A

AO 241 (Rev. 09/17)

_____

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:  REMAND & VACATE TO REMOVE deadly WEAPON AND MOVE THE Courts CONVICTION TO A MISDEAMEANOR

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on  3-25-2025  (month, date, year).

Executed (signed) on   3-25-25   (date).

_____
*Benjamin Wylie Williams*
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____
_____
_____
_____

PETITION FOR WRIT OF HABEAS CORPUS: 28 USC§2254 (Rev. 9/17)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS

## Petition for Relief From a Conviction or Sentence
## By a Person in State Custody

### (Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)

### Instructions

1.  To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court. You are asking for relief from the conviction or the sentence. This form is your petition for relief.

2.  You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3.  Make sure the form is typed or neatly written.

4.  You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5.  Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit any legal arguments, you must submit them in a separate memorandum. Be aware that any such memorandum may be subject to page limits set forth in the local rules of the court where you file this petition.

6.  You must pay a fee of $5. If the fee is paid, your petition will be filed. If you cannot pay the fee, you may ask to proceed in forma pauperis (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you. If your account exceeds $ _____ , you must pay the filing fee.

7.  In this petition, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

8.  When you have completed the form, send the original and ____ copies to the Clerk of the United States District Court at this address:

### Clerk, United States District Court for
### Address
### City, State  Zip Code

If you want a file-stamped copy of the petition, you must enclose an additional copy of the petition and ask the court to file-stamp it and return it to you.

9.  **CAUTION: You must include in this petition all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

10. **CAPITAL CASES: If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.**