IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **BENJAMIN WYLIE WILLIAMS** | § | |
| **#2509081** | § | |
| | § | |
| **V.** | § | **W-25-CA-125-ADA** |
| | § | |
| **ERIC GUERRERO** | § | |

### ORDER

Before the Court is Petitioner's application for habeas corpus relief. Petitioner, proceeding pro se, has paid the filing fee. For the reasons set forth below, the undersigned finds that Petitioner's petition for writ of habeas corpus should dismissed without prejudice for want of jurisdiction.

A.    Background

In 2018, Petitioner was charged by indictment with aggravated assault family violence with a deadly weapon in Wood County. *Williams v. State of Texas*, No. 12-24-00184-CR, 2025 Tex. App. LEXIS 544 (Tex. App.—Tyler Jan. 31, 2025, pet. filed). Pursuant to a plea bargain agreement, Petitioner pleaded guilty to the charge and true to two enhancement paragraphs. *Id.* Petitioner was fined and placed on community supervision for ten years. *Id.* In 2023, the State filed an amended motion to proceed to final adjudication, in which it alleged that Petitioner violated numerous terms and conditions of his community supervision. *Id.* The trial court found that Petitioner had violated the conditions of his community supervision and sentenced him to fifty years of imprisonment. *Id.* The judgment and sentence were affirmed on January 31, 2025. *Id.*

1

Petitioner was also previously convicted in Leon County for aggravated assault with a deadly weapon on April 28, 2006. It is the Leon County conviction that Petitioner challenges in his petition for writ of habeas corpus. Petitioner indicates he pleaded guilty to that charge and was sentenced to four years of imprisonment. Petitioner argues, however, that the state failed to prove there was a deadly weapon and that Petitioner was coerced to plead guilty. Petitioner admits that he has discharged his four-year sentence from the Leon County conviction. However, he argues there were "collateral consequences" because the Leon County conviction was used to enhance Petitioner's sentence in his Wood County conviction.

B.   Discussion and Analysis

A district court has jurisdiction to consider a collateral attack of a state conviction only if the § 2254 petitioner is "in custody" under the conviction or sentence he seeks to challenge at the time he files the application. 28 U.S.C. § 2254(a); *see also Maleng v. Cook*, 490 U.S. 488, 490–91 (1989). If the petitioner is no longer serving the challenged judgment when he files his § 2254 petition because he fully discharged the sentence imposed upon that judgment, the "in custody" requirement is not met, even if the challenged sentence was used to enhance a subsequent sentence that is not under attack in the § 2254 petition. *Id.* at 492; *see also Lackawanna Cnty. Dist. Attorney v. Coss*, 532 U.S. 394, 403–04 (2001) ("once a state conviction is no longer open to direct or collateral attack in its own right . . . the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant

generally may not challenge the enhanced sentence on the ground that the prior conviction was unconstitutionally obtained").

Petitioner discharged his four-year Leon County sentence from 2006 for aggravated assault with a deadly weapon. The use of that conviction to enhance his sentence for his current Wood County conviction for aggravated assault family violence with a deadly weapon does not render him in custody for purposes of the 2006 sentence.[1] Therefore, the Court lacks jurisdiction over Petitioner's challenge to his 2006 conviction.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2254 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Proceedings, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the

---

[1] Even if Petitioner could somehow challenge his discharged 2006 sentence, the challenge would be barred by the statute of limitations. Federal law establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(d). It has been nearly twenty years since Petitioner's 2006 conviction.

3

petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a [certificate of appealability] should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the denial or dismissal of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, a certificate of appealability shall not be issued.

Accordingly, it is **ORDERED** that Petitioner's petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.

It is finally **ORDERED** that a certificate of appealability is hereby **DENIED**.

**SIGNED** on May 30, 2025

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

4